UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY OFFSHORE LLC, FIELDWOOD ENERGY LLC, -and- CASTEX OFFSHORE INC. | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-CV-03218 |
| PRIME OFFSHORE LLC, SUMITOMO CORPORATION OF AMERICAS, SUMITOMO CORPORATION, -and- SUMMIT SHALE INTERNATIONAL CORPORATION, | § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING CONTINUING DECOMMISSIONING OBLIGATIONS**

TO THE HONORABLE JUDGE DAVID HITTNER:

Fieldwood Energy Offshore LLC, Fieldwood Energy LLC, and Castex Offshore Inc. (collectively, "Plaintiffs") file this Motion for Partial Summary Judgment as to Defendants' decommissioning obligations and would respectfully show the Court as follows:

1

## **SUMMARY OF THE ARGUMENT**

The law on responsibility of prior interest owners of offshore oil and gas leases is clear: once a company assigns its ownership interest to an assignee, the assignor remains responsible for the obligations it had under the lease if the assignee fails to honor those obligations (unless the assignor obtains an express release). More specifically, because the Defendants here did not obtain a release of their obligations to pay for decommissioning costs incurred by Plaintiffs, they remain liable for them despite the fact that they assigned their interests to others.

Through a series of assignments and transactions, Summit Gulf Ventures, LLC ("SGV") and Prime Offshore, LLC ("Prime") obtained interests in an offshore oil and gas lease at Breton Sound Area, Block 41, Lease OCCS-G 21142 (the "Lease"). Pursuant to the terms of the Offshore Operating Agreement (the "OOA"), Defendants are required to pay their share of charges, costs, and expenses for operations associated with the Lease, including maintaining, developing, operating, plugging, abandonment, decommissioning, and removal operations for the wells, platforms, and facilities associated with the Lease.

Despite any assignment of an interest that may have occurred, Defendants remain jointly and severally liable for plugging, abandonment, and decommissioning ("P&A") obligations for liabilities accrued while they held an

interest. Plaintiff Fieldwood, as operator, has incurred the costs and expenses associated with those obligations.

Tammany Oil & Gas LLC ("Tammany"), a record title owner, has failed to pay its proportionate share of P&A obligations under the OOA, is consequently in default, and is now insolvent. Both SGV and Prime, as prior interest holders, are also liable for Tammany's defaulted-upon portion of P&A costs. Defendants Sumitomo Corporation of Americas ("SCOA"), Sumitomo Corporation ("SC"), and Summit Shale International Corporation ("SUSHI," formerly Petro Summit Investment USA Corporation or PSIUSA) (collectively, the "Sumitomo Defendants") are responsible for the liabilities of SGV, which has since been dissolved. Decommissioning obligations were incurred when SGV and Prime held interests; those obligations never went away and must be satisfied. Federal and state law so dictate.

The question of whether prior interest holders are liable for future decommissioning obligations is one of law. Therefore, Plaintiffs request summary judgment on the issue of continuing decommissioning obligations of prior interest holders. That issue goes to the core of liability in this case—Plaintiffs seek declaratory relief on the same and Defendants attempt to avoid their obligations based on the disagreement over this purely legal issue.

## BACKGROUND

As the Court knows, this is a case about responsibility for expenses related to maintaining, developing, operating, plugging, abandoning, decommissioning, and performing removal operations for the wells, platforms, and facilities associated with the Lease. Plaintiff Fieldwood Energy Offshore LLC ("Fieldwood Offshore") is the operator of the Lease.

Through a series of assignments, Plaintiffs, Prime, and SGV all became parties to an Offshore Operating Agreement, **Exhibit A**, that governs their ownership interests in the Lease. SGV purchased 100% record title interest and operating rights interests in 2005. Later, in 2008, SGV assigned its record title interest to Tammany, who later became insolvent and ceased to operate.

In January 2014, the Lease terminated. All wells on the lease then had to be permanently plugged within the next year (subject to approved extensions), pursuant to 30 C.F.R. § 250.1710. Plaintiffs have honored their P&A obligations and continue to incur costs to do so—costs for which Tammany would have been responsible, in part, and costs for which Defendants are presently liable. Defendants refuse to pay, maintaining in part that such liability left with the interests.[1] That sticking point necessitates this Motion.

---

[1] Prime additionally argues that a Release and Settlement Agreement expressly releases it from any liability for P&A expenses. This flawed argument is the subject of a separate and pending Amended Motion for Partial Summary Judgment, which also outlines many of the points made here. The Sumitomo Defendants additionally argue there is no liability for SGV's obligations because of corporate separations. This flawed argument is addressed by Plaintiffs' alter-ego liability claim. Neither alleged defense is relevant for this Motion, which seeks summary judgment only on

**ARGUMENT AND AUTHORITIES**

The Court is well versed in the standards for summary judgment; it is proper where the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The interpretation of the relevant OOA and whether parties are released upon assignment is a question appropriate for summary judgment.

**1. Defendants Incurred Decommissioning Obligations.**

Decommissioning obligations accrue "when [the party] drills a well; installs a platform, pipeline, or other facility; or becomes a lessee or the owner of operating rights on a lease on which there is a well that has not been permanently plugged," among other events. *Nippon Oil Expl. U.S.A. Ltd. v. Murphy Expl. & Prod. Co. - USA*, No. CIV.A. 10-2850, 2011 WL 2456358, at *4 (E.D. La. June 15, 2011) (citing 30 C.F.R. § 250.1702); *see also Sojitz Energy Venture, Inc. v. Union Oil Co. of Cal.*, No. 4:17-CV-2941, 2019 WL 1310254, at *6 (S.D. Tex. Jan. 17, 2019) ("Because [the *former* interest-holder] held an operating rights interest, including while the well was spud and oil was produced, it incurred decommissioning obligations."). When an owner defaults on its decommissioning obligations, the remaining owners—both current and prior—become liable for the obligations attributable to the defaulting

---

the issue of prior interest owners' continuing decommissioning liability. Of course, Plaintiffs must prove their alter ego claim at trial and overcome the release defense in order to show final liability. Plaintiffs merely seek summary judgment that decommissioning obligations held by prior interest holders survive assignment and continue to run in the absence of express release.

5

party. 30 C.F.R. § 556.604 ("Every *current and prior* record title owner is jointly and severally liable, along with . . . all *prior and current* operating rights owners, for . . . decommissioning obligations, which accrue while it holds [its] interest.") (emphasis added). These regulations define when obligations accrue and trigger the same obligations.

Decommissioning obligations accrue early in a lease's production lifetime, not suddenly when P&A operations are required. *Total E&P USA, Inc. v. Marubeni Oil & Gas (USA), Inc.*, No. 4:16-CV-2671, 2018 WL 4599842, at *9 (S.D. Tex. June 28, 2018), *report and recommendation adopted*, No. H-16-2671, 2018 WL 4042612 (S.D. Tex. Aug. 24, 2018) ("[T]he government order to decommission the Assets did not create the obligations; it merely triggered them."). Defendants—and, importantly, Tammany—incurred decommissioning obligations that still exist.

### 2. Those Decommissioning Obligations Remain.

The liabilities survive transfer or assignment of interests. *Chieftain Intern. (U.S.), Inc. v. Se. Offshore, Inc.*, 553 F.3d 817, 819 (5th Cir. 2008) (applying Louisiana law); *GOM Shelf, LLC v. Sun Operating Ltd. P'ship*, No. 4:06-CV-3444, 2008 WL 901482, at *10–11 (S.D. Tex. Mar. 31, 2008) (surviving owners and assignors liable for obligations attributable to defaulting owner); *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W. 3d 342, 345–47 (Tex. 2006); *accord LLOG*

6

*Expl. Offshore, LLC v. Newfield Expl. Co.*, No. CV 15-1746, 2016 WL 98618, at *6 n.9 (E.D. La. Jan. 8, 2016); *Nippon Oil*, 2011 WL 2456358, at *5.

Of particular note in this case is that the instant situation—an owner defaults and Plaintiffs must look to prior interest holders to satisfy the outstanding obligations—is not one of first impression. For example, in *GOM Shelf*, Judge Harmon was faced with a similar situation. 2008 WL 901482, at *4. The operator in *GOM Shelf* paid all P&A costs; the other 50% owner filed for bankruptcy. *Id.* Therefore, the operator sued two assignors—prior interest holders—and sought reimbursement for the costs. Reading the JOA in tandem with federal regulations, the court agreed that (1) P&A liabilities accrued prior to assignment; and (2) the liabilities remained without any express release in an assignment. *Id.* at *10–11.

Prime, specifically, has previously contended (while misapplying the case to its RSA) that *GOM Shelf* was incorrectly decided (ECF No. 15 at 10). But Judge Harmon is far from alone in her decision. *See, e.g.*, *Chieftain Intern. (U.S.), Inc. v. Se. Offshore, Inc.*, 553 F.3d 817, 819 (5th Cir. 2008) ("Louisiana law provides that an assignee and assignor remain solidarily liable with regard to the assignor's obligations to a third party unless the third party releases the assignor."); *Sojitz*, 2019 WL 1310254, at *12 n.22. (an assignor "cannot escape its liability for decommissioning merely by assigning its interest, absent a release"); *Total E&P USA, Inc.*, 2018 WL 4599842, at *10 ("Numerous courts have found that

assignment, without consent to be relieved of liability, did not relieve the assignor of its liability for later incurred decommissioning costs.") (Atlas, J.). Decommissioning obligations incurred by prior interest holders *continue to run*.

Importantly, while Louisiana law is the appropriate state law to apply in this case, Texas law is in accord. When considering the same question—a *former* owner's liability for decommissioning costs—on cross-motions for summary judgment, Judge Atlas noted that Alabama law applied, but "since the law is essentially the same, [the Court] also relies on cases decided under Texas and Louisiana law." *Total E&P USA, Inc. v. Marubeni Oil & Gas (USA), Inc.*, No. H-16-2671, 2018 WL 8997499, at *6 n.18 (S.D. Tex. Aug. 24, 2018). Judge Atlas and Judge Gilmore have both concluded that assignment does not relieve the assignor of liability in a case such as this one—even if rights are extinguished, obligations are not, absent express release. *Id.* at *7 (Atlas, J.); Order, *Total E&P USA, Inc. v. Marubeni Oil & Gas (USA), Inc.*, No. 16-02674 (S.D. Tex. Sept. 17, 2018) (Gilmore, J.), ECF No. 230. A copy of Judge Gilmore's order, which parallels Judge Atlas's opinion, is attached as **Exhibit B**.

The OOA unambiguously calls for prior interest holders to bear necessary P&A expenses. Section 14.5, "Abandonment Operations Required by Governmental Authority," provides that any well abandonment or platform removal required by a governmental authority shall be "accomplished by Operator

8

[Fieldwood] with the costs, risks and net proceeds, if any, to be shared by the Parties owning such well or Platform in proportion to their Participating Interest." **Exhibit A** at 33, § 14.5. Under the same agreement, an assignment of interest does not negate that liability. Section 26.3, addressing assignments, contains no release regarding plugging, abandonment, and decommissioning obligations upon assignment. *Id.* at 39, § 26.3. Absent any express release, an assignment is no escape from liability for plugging and abandoning costs. *Sojitz*, 2019 WL 1310254, at *12 n.22.

The shared-cost provision in the JOA in *Seagull* is virtually identical to the language in the OOA in this case. *Seagull*, 207 S.W. 3d at 346. The JOA provision dictated that abandonment costs were to be shared "by the Parties owning such well or platform in proportion to their Participating Interests." *Id.* When the former interest owner argued that it had been released through assignment, the Supreme Court noted that the owner "reads far too much into these provisions." *Id.* The Court found that a party cannot escape liability merely by assigning its interest, and that the JOA's language did not *expressly* release the assignor of its decommissioning obligations. *Id.* at 346–47. Therefore, the obligations survived. The federal regulations discussed *supra* plainly require prior interest holders to shoulder a defaulting party's remaining liabilities. Louisiana law and Texas law are in accord on this issue—Texas federal courts, Texas state courts, and Louisiana federal courts have all held that an owner's obligation to pay plugging and abandoning costs does

9

not dissipate once the owner no longer holds an interest.  *See, e.g.*, *Total E&P USA, Inc.*, 2018 WL 4599842, at *8 (collecting cases from the Fifth Circuit, Southern District of Texas, Eastern District of Louisiana, and Supreme Court of Texas; noting, "***In every case, the court found the assignor remained liable after assignment for the decommissioning costs absent a release or specific language in the contract to the contrary***.") (emphasis added).

Defendants' liability for P&A costs—under the controlling Operating Agreement, under the RSA, under Texas law, under Louisiana law, and under federal regulations—remains even after the interests are assigned.

## CONCLUSION

Plaintiffs request that the Court grant this motion for partial summary judgment as to prior interest holders' continuing obligation to pay their share of plugging, abandonment, and decommissioning expenses.  Plaintiffs request any and all other relief to which they may be justly entitled.

Respectfully submitted,

BECK │ REDDEN LLP

By: */s/ Geoff A. Gannaway*
Geoff A. Gannaway
Texas State Bar No. 24036617
Federal I.D. No. 37039
ggannaway@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700

          Facsimile:  (713) 951-3720

          **ATTORNEY-IN-CHARGE FOR PLAINTIFFS FIELDWOOD ENERGY OFFSHORE LLC, FIELDWOOD ENERGY LLC, AND CASTEX OFFSHORE INC.**

Alex B. Roberts
Texas State Bar No. 24056216
Hannah L. Roblyer
Texas State Bar No. 24106356
Beck Redden LLP
1221 McKinney, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**OF COUNSEL FOR PLAINTIFFS FIELDWOOD ENERGY OFFSHORE LLC, FIELDWOOD ENERGY LLC, AND CASTEX OFFSHORE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing instrument to be served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 13th day of September 2019, by electronic mail:

Counsel for Defendant
Prime Offshore LLC:
Larry R. Veselka
lveselka@skv.com
Austin R. Kreitz
akreitz@skv.com
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002

Counsel for Defendant
Sumitomo Corporation of Americas and
Summit Shale International Corporation:
Michael D. Morfey
michaelmorfey@HuntonAK.com
M. Kaylan Dunn
kaylandunn@HuntonAK.com
Hunton Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas  77002

/s/ Geoff A. Gannaway