IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FIELDWOOD ENERGY OFFSHORE LLC, et al.,** § § § | |
| *Plaintiffs,* § § | |
| v. § | Civil Action No. 4:18-cv-03218 |
| § § | |
| **PRIME OFFSHORE LLC, et al.** § § | |
| *Defendants.* § § | |

**DEFENDANTS SUMITOMO CORPORATION OF AMERICAS AND SUMMIT SHALE INTERNATIONAL CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO APPLY LOUISIANA LAW UNDER OCSLA**

Defendants Sumitomo Corporation of Americas ("SCOA") and Summit Shale International Corporation, formerly Petro Summit Investment USA Corporation ("PSIUSA"), file this response to Plaintiffs' Motion to Apply Louisiana Law Under OCSLA (the "Motion") (Doc. No. 58).

### INTRODUCTION

SCOA and PSIUSA agree with Plaintiffs that, under OCSLA's choice-of-law provision,[1] Louisiana law "applies with equal force to all claims in this suit."[2] This includes Plaintiffs' alter ego theory (Count 6 of the Second Amended Complaint) that SCOA and PSIUSA are responsible for the liabilities of Summit Gulf Venture,

---

[1] 43 U.S.C. § 1333; *see Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co.*, 448 F.3d 760, 772 (5th Cir. 2006).

[2] Plaintiffs' Motion (Doc. No. 58) at 11.

LLC ("SGV"), a Delaware limited liability corporation ("LLC"). But Plaintiffs fail to take the next step: identify the relevant Louisiana law. As Plaintiffs are moving for partial summary judgment that SCOA and PSIUSA are liable for SGV's alleged obligations (*see* Doc. No. 57), and the standards for imposing alter ego liability are different under Delaware and Louisiana law,[3] it is necessary for the Court to take that next step now rather than later.

Louisiana Laws Revised Statutes § 12:1342 provides that the laws of the state under which a non-Louisiana LLC is organized "shall govern its organization [and] its internal affairs." Louisiana thus statutorily mandates that Plaintiffs' alter ego theory against SCOA and PSIUSA is governed by Delaware law, as SGV was incorporated in Delaware. The Court should therefore grant SCOA's and PSIUSA's motion for application of La. Stat. Ann. § 12:1342 to Plaintiffs' alter ego theory (Doc. No. 52).

## RESPONSE ARGUMENTS

**A.  La. Stat. Ann. § 12:1342 requires the Court to apply Delaware law to any issue involving SGV's organization and internal affairs**

"Because Louisiana stands alone among the 50 states as a hybrid Civil Law/common law jurisdiction, its situation is unique: The State's constitution, its codes and its statutes, are the primary sources of law; court decisions are treated as secondary sources of law, without *stare decisis* precedential effect." *In re Orso*, 283

---

[3]  One distinction is that, while the "Supreme Court of Louisiana has never adopted the single business enterprise theory," some lower Louisiana courts have done so. *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 460 (5th Cir. 2016). "Delaware has not adopted a single business enterprise theory as a means to pierce the corporate veil." *Precht v. Glob. Tower LLC*, No. 2:14-CV-00743, 2016 WL 7443139, at *4 (W.D. La. Dec. 22, 2016).

EMF_US 76720994v3

F.3d 686, 695 (5th Cir. 2002) (recognizing that courts interpreting the law of Louisiana "are bound to honor" this distinction).[4]

"The umbilical tie of the foreign corporation to the state of its charter is usually still religiously regarded as conclusive in determining the law to be applied in intracorporate disputes." *McDermott Inc. v. Lewis*, 531 A.2d 206, 216 (Del. 1987).[5] In Louisiana, this umbilical tie is codified by statute, thus occupying a preeminent position in the state's code-driven jurisprudence. La. Stat. Ann. § 12:1342 mandates in relevant part that "[t]he laws of the state or other jurisdiction under which a foreign limited liability company is organized **shall govern its organization, its internal affairs, and the liability of its managers and members** that arise solely out of their positions as managers and members." (emphasis added).[6]

Since SGV was organized under the laws of Delaware, La. Stat. Ann. § 12:1342 requires that Delaware law govern any determination implicating SGV's

---

[4] *See also Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004) ("In Louisiana, the sources of law are legislation and custom. These authoritative or primary sources of law are to be contrasted with persuasive or secondary sources of law, such as Louisiana and other civil law jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom.") (citation omitted); *Laubie v. Sonesta Int'l Hotel Corp.*, 752 F.2d 165, 167 (5th Cir. 1985) ("In Louisiana, a civil law jurisdiction, the legislative will, as expressed in the articles of the Code, is supreme. Case law, although valuable, is of secondary importance.").

[5] "Under the Commerce Clause, a state has no interest in regulating the internal affairs of foreign corporations." *VantagePoint Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1113 (Del. 2005) (citation omitted).

[6] An alternative rule would "present almost intolerable consequences to the corporate enterprise and its managers." *McDermott Inc. v. Lewis*, 531 A.2d 206, 216 (Del.1987). "With the existence of multistate and multinational organizations, directors and officers have a significant right, under the fourteenth amendment's due process clause, to know what law will be applied to their actions." *Id.* "Stockholders also have a right to know by what standards of accountability they may hold those managing the corporation's business and affairs." *Id.* at 217.

organization, its internal affairs, or the liability of its Members, SCOA and PSIUSA, arising from their positions as SGV Members. Plaintiffs' alter ego theory is undeniably one such determination.

**B.     As Plaintiffs' alter ego theory involves SGV's organization and internal affairs, La. Stat. Ann. § 12:1342 mandates that Delaware law governs**

"Louisiana courts and courts applying Louisiana law apply the law of the place of incorporation to determine fundamental issues of corporate structure." *NorAm Drilling Co. v. E&PCo Int'l, LLC*, 131 So.3d 926, 930 (La. App. 2d Cir. 2013). These "questions of corporate structure" include "issues involving piercing" the corporate veil. *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 462 (5th Cir. 2016).[7]

Like all veil-piercing claims, Plaintiffs' alter ego theory "implicate[s] matters of internal corporate operations and organization," including "the rights and duties of shareholders, the corporate formalities that must be observed by the corporation, and the rules governing the limited liability of shareholders." *In re Gulf Fleet Holdings, Inc.*, 491 B.R. 747, 787 (Bankr. W.D. La. 2013) (Louisiana law).

Indeed, one express basis for Plaintiffs' alter ego theory is the allegation that SGV failed to "follow corporate and statutory formalities."[8] This can only be decided by looking to the formalities applicable to SGV, i.e., the formalities imposed

---

[7]  *See also Fusion Capital Fund II, LLC v. Ham*, 614 F.3d 698, 700 (7th Cir. 2010) (recognizing that whether a corporation's investors are liable for its debts "is an aspect of the internal affairs doctrine"); *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993) ("Because a corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away.") (citations omitted).

[8]  Plaintiffs' Second Am. Compl. (Doc. No. 32) at ¶ 47.

– 4 –

by Delaware law. *See In re BH S & B Holdings LLC*, 420 B.R. 112, 138 (Bankr. S.D.N.Y. 2009) ("[T]he Delaware Limited Liability Company Act (DLLCA) requires little more than that an LLC execute a proper certificate of formation, maintain a registered office in Delaware, have a registered agent for service of process in Delaware, and maintain certain records for membership and tax purposes.") (citing DEL. CODE ANN. tit. 6, § 18-101 *et seq.*).

Another express basis for Plaintiffs' alter ego theory is the allegation that SCOA and PSIUSA "improperly dissolved [SGV] and later Summit Shale [i.e., PSIUSA] itself in contravention of applicable law, including but not limited to the Delaware General Corporation Law and the Delaware Limited Liability Company Act."[9] This can only be decided by looking to "the Delaware General Corporation Law and the Delaware Limited Liability Company Act."[10]

Under La. Stat. Ann. § 12:1342, therefore, Plaintiffs' alter ego theory is governed by the law of Delaware, the state of SGV's incorporation. *Id.*; *see In re Chinese-Manufactured Drywall Products Liab. Litig.*, No. CV 09-02047, 2017 WL 1476595, at *19 (E.D. La. Apr. 21, 2017) ("Under Louisiana law, the law of the state of incorporation governs the determination when to pierce a corporate veil.") (citation omitted); *Quickick, Inc. v. Quickick Int'l*, 304 So.2d. 402, 406 (La. App. 1st Cir. 1974) (applying law of state of incorporation to a question of alter ego liability.).[11]

---

[9] Plaintiffs' Second Am. Compl. (Doc. No. 32) at ¶ 57.

[10] *Id.*

[11] *See also Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 647 (5th Cir. 2002) ("In light of these authorities, we agree with the district court's determination that the Louisiana State Supreme Court would most likely conclude that the law of the state of incorporation governs the determination when to pierce a corporate veil."); *Soriano v. Gulf Coast Lift, LLC*, No. CIV.A.

– 5 –

"This makes sense as otherwise, theoretically, an LLC could be subject to various states' conflicting laws" concerning its alter ego liability. *Boeing Co. v. KB Yuzhnoye*, No. CV 13-00730 ABC (AJWx), 2014 WL 12601330, at *1 n.1 (C.D. Cal. Feb. 20, 2014 (discussing California Corporations Code § 17708.01, which is essentially identical to La. Stat. Ann. § 12:1342).[12]

"[E]ven though alter ego liability involves law suits brought by third parties, it determines, based on the structure of the corporation, whether the shareholders are liable in lieu of the LLC, which is an internal affair." *Wehlage v. Empres Healthcare Inc.*, 821 F. Supp. 2d 1122, 1128–29 (N.D. Cal. 2011) (applying the similarly-worded predecessor to California Corporations Code § 17708.01, and holding that the alter ego law of the states of incorporation of the foreign LLCs at issue applied to determine the liability of claims brought by a third party); *see Rubbermaid Inc. v. Robert Bosch Tool Corp.*, No. CIV. 09-1395, 2010 WL 3834410, at *6 (C.D. Ill. Sept. 23, 2010)

---

12-2744, 2014 WL 949145, at *9 (E.D. La. Mar. 11, 2014) (applying Louisiana law to Louisiana corporation and Florida law to Florida corporation in determining whether to pierce their corporate veil and hold the 100% owner of both corporations liable); *Kidd v. Symbion, Inc.*, No. Civ. A. 10-3361, 2011 WL 4020814, at *10, n.3 (E.D. La. Sept. 9, 2011) ("The Court applies the law of Delaware, as the state of incorporation for SCH, ASC, and Symbion, to determine whether the corporate veil may be pierced to impose liability upon Symbion."); *Shreveport La. Hayride Co., L.L.C. v. Kent*, Civ. Act. No. 07–0868, 2009 WL 1371712, at *8 (W.D. La. May 14, 2009) ("[T]he law of the state of incorporation governs the determination when to pierce a corporate veil."); *PowerUp of Se. La. Inc. v. PowerUp U.S.A., Inc.*, No. 94-1441, 1994 WL 543631, at *3 (E.D. La. Oct. 5, 1994) (noting that veil-piercing involves "fundamental issues of corporate existence or structure" and holding that the relationship between the defendants had to be analyzed according to Canadian law, as the place of incorporation, rather than Louisiana law).

[12] Similar to La. Stat. Ann. § 12:1342, the California law provides that the "law of the state or other jurisdiction under which a foreign limited liability company is formed governs" its organization, "its internal affairs," the authority of its members and managers, and the liability of its members and managers for the debts, obligations, "or other liabilities of the limited liability company." Cal. Corp. Code § 17708.01; *see Wehlage*, 821 F. Supp. 2d at 1128 (quoting § 17708.01's predecessor).

– 6 –

(holding that, under Illinois law similar to La. Stat. Ann. § 12:1342, "the law of the state of incorporation governs under what circumstances it is possible to pierce the corporate veil.").[13]

"'Because a corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away.'" *Wehlage*, 821 F. Supp. 2d at 1128 (quoting *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993)). Louisiana has codified in La. Stat. Ann. § 12:1342 that the law of the state of SGV's incorporation (Delaware) must govern Plaintiffs' attempt to strip SGV's corporate insulation and hold SCOA and PSIUSA responsible for its alleged liabilities.[14]

### C. The Court's decision in *Tana* does not address the issue here

Plaintiffs suggest that the Court's decision in *Tana Exploration & Production Co. v. Implicit Oil & Gas, L.P.*, No. H-13-334, 2015 WL 13697932 (S.D. Tex. Mar. 30, 2015), requires application of Louisiana's veil-piercing standards to Plaintiffs' alter ego theory, rather than Delaware law.[15] But the Court did **not** address this issue in *Tana*. In particular, the Court did not address La. Stat. Ann. § 12:1342 in *Tana*.

*Tana* arose out of a dispute concerning agreements governing the interests in a well located on the Outer Continental Shelf of the Gulf of Mexico adjacent to Louisiana. 2015 WL 13697932, at *1. The defendant interest-holder ("Birnham")

---

[13] The result must be the same here—especially given the primacy of statutes in Louisiana compared to common law jurisdictions like California and Illinois.

[14] "Notably, both federal and Delaware law observe the same requirements for piercing the corporate veil." *Kidd*, 2011 WL 4020814, at *10, n.3.

[15] *See* Plaintiffs' Motion (Doc. No. 58) at 12–13.

entered into a farmout agreement in which it agreed to pay 25% of the drilling costs associated with the well, and then assigned its interest in the farmout agreement to a new entity ("IOG 207").[16] *Id.* The well was a dry hole and the parties were required to plug and abandon the well. *Id.* The plaintiff (Tana), a party to the farmout agreement, brought suit alleging that Birnham had not paid its required share of the costs and that IOG 207 "was purposefully undercapitalized and/or created to avoid Birnham's contractual obligations." *Id.*

The parties agreed—and the Court held—that Louisiana law applied to Tana's fraud claim under OCSLA's choice-of-law provision, because the claim arose out of the farmout agreement and other subsequent agreements between the parties that focused on an OCSLA situs—the well. *Id.* at *1–2. The parties disputed, however, whether Louisiana law also applied to Tana's alter ego claim. *Id.* at *2. The defendants argued that the alter ego claim was not subject to OCSLA's choice-of-law provision because it was "not intertwined or related to the underlying claims," and so should be resolved instead using Texas' choice-of-law rules, "under which the laws of the parties' respective states of incorporation (Texas and Delaware) would apply." *Id.* The Court rejected the defendants' argument because Tana's alter ego claim was intertwined with its fraud claim. *Id.* Accordingly, the Court determined that "Louisiana law applie[d] to Tana's alter ego claim pursuant to the OCSLA choice-of-law provision." *Id.*

---

[16] In contrast, neither SCOA nor PSIUSA was a party to the oil and gas lease at Breton Sound Area, Block 41, Lease OCS-G 21142 (the "Lease"), and neither SCOA nor PSIUSA was a party to the Offshore Operating Agreement.

The Court did not, however, identify the relevant Louisiana law in its opinion. *See id.* Moreover, the *Tana* docket does not reflect that the parties ever raised La. Stat. Ann. § 12:1342.[17] *Tana* thus does not address, much less answer, the issue presented here—the substance of Louisiana law on alter ego.

## CONCLUSION

SCOA and PSIUSA agree with Plaintiffs that Louisiana law applies to Plaintiffs' claims. But Plaintiffs' Motion is only the beginning of the inquiry. As to Plaintiffs' alter ego theory, in particular, La. Stat. Ann. § 12:1342 is the primary source of law. La. Stat. Ann. § 12:1342 provides that the laws of the state under which a foreign LLC is organized "shall govern its organization [and] its internal affairs," and Plaintiffs' alter ego theory implicates both SGV's organization and its internal affairs. Plaintiffs' alter ego theory regarding SGV is thus governed by substantive Delaware law. The Court should therefore grant SCOA's and PSIUSA's motion for application of La. Stat. Ann. § 12:1342 to Plaintiffs' alter ego theory (Doc. No. 52).

---

[17] *See* Mot. for Determination of Applicable Law (Doc No. 115), *Tana Exploration & Production Co. v. Implicit Oil & Gas, L.P.*, No. 4:13-cv-00334 (S.D. Tex. filed June 24, 2014).

Respectfully submitted,

By: */s/ Michael D. Morfey*
    Michael D. Morfey
    Attorney-in-Charge
    State Bar No. 24007704
    Federal I.D. No. 23842
    *michaelmorfey@HuntonAK.com*
    HUNTON ANDREWS KURTH LLP
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4163
    (713) 220-4285 (Fax)

OF COUNSEL:
M. Kaylan Dunn
State Bar No. 24076359
Federal I.D. No. 1171046
*kaylandunn@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4127
(713) 220-4285 (Fax)

ATTORNEYS FOR DEFENDANTS SUMITOMO CORPORATION OF AMERICAS AND SUMMIT SHALE INTERNATIONAL CORPORATION, FORMERLY PETRO SUMMIT INVESTMENT USA CORPORATION

## CERTIFICATE OF SERVICE

    I hereby certify that on October 4, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

    */s/ Michael D. Morfey*
    Michael D. Morfey