UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIELDWOOD ENERGY OFFSHORE LLC, FIELDWOOD ENERGY LLC, -and- CASTEX OFFSHORE INC., Plaintiffs, v. PRIME OFFSHORE LLC, SUMITOMO CORPORATION OF AMERICAS, SUMITOMO CORPORATION, -and- SUMMIT SHALE INTERNATIONAL CORPORATION, Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:18-CV-03218 JURY TRIAL DEMANDED |

**PLAINTIFFS' SUR-REPLY TO SUMITOMO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE PETER BRAY:

Plaintiffs file this Sur-Reply to Defendants Sumitomo Corporation of Americas and Summit Shale International Corporation's (collectively, "Defendants") Reply in Support of Motion for Summary Judgment (MSJ is Doc. No. 56; Reply is Doc. No. 71) and would respectfully show the Court as follows.

1

## Argument and Authorities

For the first time in their Reply, Defendants refer to Section 18-804 of the Delaware Limited Liability Company Act as a statute of repose. Defs.' Reply in Support of Mot. for Summary J. (Doc. No. 71) at 1. Because Defendants have not pled a statute of repose as an affirmative defense and did not claim that Section 18-804 was a statute of repose in their Motion for Summary Judgment, Plaintiffs are forced to file this Sur-Reply – because they have had no opportunity to address this new – and flawed – argument.

**1. Raising the Repose Argument Now Is Improper.**

Raising the statute of repose issue in a reply brief is not appropriate. As Judge Lake recently noted: "Arguments raised for the first time in a Reply brief are generally waived." *Commodity Futures Trading Comm'n v. EOX Holdings L.L.C.*, No. CV H-19-2901, 2019 WL 4689240, at *12 (S.D. Tex. Sept. 26, 2019) (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)).

When a party raised a "repose" argument in briefing *after* an opening brief, a court in Delaware (the state that enacted the statute cited by Defendants), held that the argument had been waived: "Finally, the Court turns to GE's belated 'last ditch' effort to invoke the Delaware Builders' Statute as support for its contention that this action is barred by the statute of repose . . . Defendant's failure to raise this issue in its Opening Brief results in its waiver of the right to assert this argument as a basis

for summary judgment." *In re Asbestos Litig.*, No. CIV.A. 09C-11-217ASB, 2011 WL 5395554, at *3 (Del. Super. Ct. Sept. 28, 2011). Notably, in *Asbestos Litigation*, GE did at least mention the word "repose" in its opening brief (unlike here), but the court still rejected it as conclusory and insufficient. *Id.* at *4. The argument that a statute of repose warrants a summary judgment against Plaintiffs should be rejected as untimely.

### 2. Defendants Fail to Establish Section 18-804 As a Statute of Repose.

Defendants do not cite any case interpreting Section 18-804 as a statute of repose. To the contrary, a Delaware court has called it a "statute of limitations": "Moreover, a three-year ***statute of limitations*** applies to actions under § 18–804, running from the date of the allegedly illegal distribution." *Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 165 (Del. Ch. 2004) (emphasis added). Defendants' Motion also notably never refers to Section 18-804 as a statute of repose – in fact, Defendants referred to the three-year period as a "***limitations***" period. Defs.' Mot. for Summary J. (Doc No. 56) at 6 n.15. Even if they had timely raised the argument, Defendants have not established that Section 18-804 is a statute of repose.

### 3. Even if Section 18-804 Were a Statute of Repose, It Is Inapplicable.

Defendants' Reply cites Delaware law for the proposition that, while a statute of limitations is a procedural mechanism, a statute of repose is a "substantive

3

provision." Reply (Doc. No. 71) at 2. Similarly, the *Asbestos* court noted: "a statute of repose that would bar a cause of action is clearly substantial, not procedural." *In re Asbestos Litig.*, 2011 WL 5395554, at *3. As already explained by Plaintiffs, Louisiana substantive law, not Delaware substantive law, applies to this case. *See* Plfs.' Mot. to Apply Louisiana Law Under OCSLA (Doc No. 58); Plfs.' Resp. to Defs.' Mot. for Application of La. Stat. Ann. § 12.1342 (Doc. No. 67). So if Defendants are right that Section 18-804 is a substantive statute of repose, then it does not apply in this OCSLA case because Section 18-804 is not Louisiana law. Even if timely raised and even if it is a statute of repose, Section 18-804 has no place in this case.

## Conclusion and Prayer

Defendants' Motion for Summary Judgment should be denied.

Respectfully submitted,

**BECK | REDDEN LLP**

By: */s/ Geoff A. Gannaway*
   Geoff A. Gannaway
   Texas State Bar No. 24036617
   Federal I.D. No. 37039
   ggannaway@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS FIELDWOOD ENERGY
OFFSHORE LLC,
FIELDWOOD ENERGY LLC, AND
CASTEX OFFSHORE INC.**

Alex B. Roberts
Texas State Bar No. 24056216
Hannah L. Roblyer
Texas State Bar No. 24106356
Beck Redden LLP
1221 McKinney, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**OF COUNSEL FOR PLAINTIFFS
FIELDWOOD ENERGY OFFSHORE LLC,
FIELDWOOD ENERGY LLC, AND
CASTEX OFFSHORE INC.**

5

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing instrument to be served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 19th day of October 2019, by electronic mail:

Counsel for Defendant
Prime Offshore LLC:
Larry R. Veselka
lveselka@skv.com
Austin R. Kreitz
akreitz@skv.com
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002

Counsel for Defendants
Sumitomo Corporation of Americas and
Summit Shale International Corporation:
Michael D. Morfey
michaelmorfey@HuntonAK.com
M. Kaylan Dunn
kaylandunn@HuntonAK.com
Hunton Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas  77002

/s/ Geoff A. Gannaway