**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FIELDWOOD ENERGY** | § | |
| **OFFSHORE LLC, et al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| **v.** | § | **Civil Action No. 4:18-cv-03218** |
| | § | |
| **PRIME OFFSHORE LLC, et al.** | § | |
| | § | |
| *Defendants.* | § | |

_____

**DEFENDANTS SUMITOMO CORPORATION OF AMERICAS AND**
**SUMMIT SHALE INTERNATIONAL CORPORATION'S**
**RESPONSE TO PLAINTIFFS' SUR-REPLY**
_____

Defendants Sumitomo Corporation of Americas ("SCOA") and Summit Shale International Corporation, formerly Petro Summit Investment USA Corporation ("PSIUSA"), file this Response to Plaintiffs' Sur-Reply (Doc. No. 77-1), and respectfully show as follows:

**RESPONSE ARGUMENTS**

**A.    Plaintiffs' "new argument" claim is false**

SCOA and PSIUSA moved for summary judgment under Section 18-804(d) of the Delaware Limited Liability Company Act—in fact, it is the first argument in their Motion for Summary Judgment. Specifically, SCOA and PSIUSA established in their Motion that Plaintiffs' claim against them for improper dissolution of Summit Gulf Venture, LLC ("SGV"), a Delaware LLC, is barred by Section 18-804(d) because Plaintiffs did not bring suit within three years of September 30,

2009.[1] Plaintiffs argued in their Response that SCOA and PSIUSA had "not negated the discovery rule" with regard to Section 18-804(d).[2] In their Reply, SCOA and PSIUSA explained that Plaintiffs' discovery rule argument is no basis to deny them summary judgment because the discovery rule applies only to statutes of limitations, not statutes of repose like Section 18-804(d).[3]

In their Sur-Reply, Plaintiffs argue the Reply's explanation that Section 18-804(d) is a statute of repose constitutes a "new argument" by SCOA and PSIUSA which should be deemed waived.[4] Plaintiffs are wrong. SCOA and PSIUSA were **not** raising a new argument (i.e., a new ground for summary judgment) in their Reply. Rather, the Reply simply corrected Plaintiffs' misidentification of Section 18-804(d) as a statute of limitations in their Response.

In other words, SCOA and PSIUSA replied to an argument that Plaintiffs made in their Response to the Motion for Summary Judgment. **That is exactly what replies are for**. *See Parker v. Worcester Ins. Co.*, 247 F.3d 1, 7 (1st Cir. 2001) (holding that arguments in reply brief in support of summary judgment that directly responded to arguments in plaintiff's memorandum opposing summary judgment were proper and not subject to being stricken); *Hartley v. Wisconsin Bell, Inc.*, 930 F. Supp. 349, 353 (E.D. Wis. 1996), *aff'd*, 124 F.3d 887 (7th Cir. 1997) (same). SCOA and PSIUSA were not required to somehow anticipate in their

---

[1]   *See* Mot. for Summary Judg'mt (Doc. No. 56) at 5–6.

[2]   Resp. (Doc. No. 68) at 7–8.

[3]   *See* Reply (Doc. No. 71) at 1–2.

[4]   Sur-Reply (Doc. No. 77-1) at 2.

EMF_US 77163620v2

Motion for Summary Judgment that Plaintiffs would raise an inapplicable rule in their Response.

Plaintiffs rely on *In re Asbestos Litigation*, No. 09C-11-217-ASB, 2011 WL 5395554, at *3 (Del. Super. Ct. Sept. 28, 2011), and *Commodity Futures Trading Commission v. EOX Holdings L.L.C.*, __ F. Supp. 3d __, No. CV H-19-2901, 2019 WL 4689240, at *12 (S.D. Tex. Sept. 26, 2019).[5] But neither case has anything in common with the circumstances here.

The defendant in *Asbestos Litigation* did not raise the statute of repose as a basis for its right to dispositive relief until doing so in a "gratuitous submission of a supplemental reply brief that was never authorized by the Court." 2011 WL 5395554, at *3–4 (holding that failure to raise the statute in the initial summary judgment pleading waived the issue).[6] *Commodity Futures* similarly involved a ground for dismissal that the defendants did not raise until their reply brief. 2019 WL 4689240, at *12. Here, in contrast, SCOA and PSIUSA expressly moved for summary judgment on Section 18-804(d).[7] Plaintiffs thus cannot escape that the statute is an absolute bar to their improper dissolution claim.

---

[5]   *See* Sur-Reply (Doc. No. 77-1) at 2–3.

[6]   General Electric, the defendant in *Asbestos Litigation*, had included a "conclusory statement" in its initial summary judgment briefing "to the effect that 'General Electric expressly preserves its builders's statute/statute of repose defenses.'" *In re Asbestos Litig.*, 2011 WL 5395554, at *4. The Delaware trial court held that this "perfunctory mention" was inadequate to raise the issue. *Id.* Unlike General Electric, SCOA and PSIUSA devoted an entire section of their Motion for Summary Judgment to establishing their right to dispositive relief under Section 18-804(d). *See* Mot. for Summary Judgm't (Doc. No. 56) at 5–6.

[7]   *See* Mot. for Summary Judgm't (Doc. No. 56) at 5–6.

**B.   Plaintiffs are also wrong in their claim that SCOA and PSIUSA did not plead Section 18-804(d)**

Plaintiffs also claim in the Sur-Reply that "Defendants have not pled a statute of repose as an affirmative defense."[8] "[A] statute of repose is not an affirmative defense that must be pled in an answer to avoid waiving the defense." *Am. Fed'n of Teachers, AFL-CIO v. Bullock*, 605 F. Supp. 2d 251, 261 (D.D.C. 2009); *see* Fed. R. Civ. P. 8(c).[9] In any event, Plaintiffs' claim is simply untrue.

SCOA and PSIUSA explicitly pled Section 18-804(d) as an affirmative defense to Plaintiffs' improper dissolution claim in their Answer:[10]

> 80.   SCOA asserts that pursuant to Delaware Limited Liability Company Act § 18-804(d), a member who receives a distribution from a limited liability company has no liability for the amount of the distribution after the expiration of 3 years from the date of the distribution unless an action to recover the distribution from such member is commenced prior to the expiration of the said 3-year period and an adjudication of liability against such member is made in the said action.

Plaintiffs apparently believe SCOA and PSIUSA were required to use the magic words "statute of repose" in identifying Section 18-804(d) in the Answer. They do not cite any authority for this belief, however, and none exists. *See* Fed. R. Civ. P. 8.

---

[8]   Sur-Reply (Doc. No. 77-1) at 2.

[9]   *See also Chang-Williams v. United States*, 965 F. Supp. 2d 673, 694 (D. Md. 2013) ("[T]he prevailing rule is that a statute of repose is not an affirmative defense that needs to be pleaded in a defendant's answer to avoid waiver."); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413, 421 (Del. 1985) ("As a statute of repose is not a statute of limitations within the meaning of Superior Court Civil Rule 8(c), it need not be pleaded affirmatively.").

[10]   Answer (Doc. No. 34) at ¶ 80 (highlighting added).

**C.     Section 18-804 _is_ a statute of repose**

Plaintiffs next argue that SCOA and PSIUSA "have not established that Section 18-804 is a statute of repose," and cite _Metro Communication Corp. BVI v. Advanced Mobilecomm Technologies Inc._, 854 A.2d 121, 165 (Del. Ch. 2004), in which a the court referred to Section 18-804(d) as a statute of limitations.[11]

But courts—including the Supreme Court—"have long used the term 'statute of limitations' to refer to statutes of repose." _Fed. Hous. Fin. Agency v. UBS Americas Inc._, 712 F.3d 136, 142–43 (2d Cir. 2013) (referring, inter alia, to _Ernst & Ernst v. Hochfelder_, 425 U.S. 185, 210 (1976)); _see Stanley ex rel. Estate of Hale v. Trinchard_, 579 F.3d 515, 518 n.6 (5th Cir. 2009) (recognizing that "statute of limitations" may be used in a sense that is not "distinguishable from a statute of repose").[12]

The distinction between statutes of repose and statutes of limitation was irrelevant to the issues in dispute in the _Metro Communication_ case on which Plaintiffs rely. _See_ 854 A.2d at 165 (holding that eight percent member of LLC that had been wound up failed to state a derivative claim under Section 18-804(c) against other

---

[11]   Sur-Reply (Doc. No. 77-1) at 3 (citing _Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc._, 854 A.2d 121, 165 (Del. Ch. 2004)). Plaintiffs also seize on the fact the Motion for Summary Judgment used the term "limitations period" in a footnote to describe Section 18-804(d)'s 3-year cutoff. _See id._ However, as explained above, "limitations" is also commonly used to refer to statutes of repose. Because Plaintiffs had not yet raised their legally incorrect statute of limitations argument when SCOA and PSIUSA filed their Motion, their use of the term "limitations" to describe the statutory 3-year period was entirely appropriate.

[12]   _See also Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc._, 597 F.3d 84, 88 n.4 (2d Cir. 2010) ("Statutes of repose and statutes of limitations are often confused, though they are distinct."); _In re Am. Hous. Found._, 543 B.R. 245, 255 (Bankr. N.D. Tex. 2015) ("Recognition by the courts of the distinction between a statute of repose and a statute of limitations is likewise a relatively new development."); _In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig._, 900 F. Supp. 2d 1055, 1063 (C.D. Cal. 2012) ("Congressional statutes continue to use the term 'statute of limitations' to encompass statutes of repose.").

EMF_US 77163620v2

original members of LLC for receiving distributions from the LLC). Thus, it is of no significance that the Delaware court used the generic term "limitations" rather than the legally correct term "repose" in citing Section 18-804(d).

Make no mistake, Section 18-804(d) *is* a statute of repose. The "hallmark of a statute of repose" is that "the time bar is tied to a specific designated event irrespective of when the claim accrues." *JPMorgan Chase Bank, N.A. v. Ballard*, 213 A.3d 1211, 1234–36 (Del. Ch. 2019), *appeal refused*, 214 A.3d 448 (Del. 2019). In *JPMorgan*, for example, the court considered whether a provision of the Delaware General Corporation Law providing a six-year time period for corporate director liability was a statute of limitations or a statute of repose. *Id.* In pertinent part, the statute provided that directors "'shall be jointly and severally liable, at any time within 6 years after paying [an] unlawful dividend.'" *Id.* at 1227 (quoting DEL. CODE ANN. tit. 8, § 174(a)) (italics omitted). Because the statutory provision tied the 6-year period during which directors could be liable "not to the accrual, but rather to payment of a dividend," the Delaware court held that it was a statute of repose, *not* a statute of limitations. *Id.* at 1235 ("Indeed, according to the Supreme Court, 'this point is close to a dispositive indication that the statute is one of repose.'") (quoting *Cal. Pub. Employees Retirement Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042, 2049 (2017)).

Section 18-804(d) of the Delaware Limited Liability Company Act is even more explicitly a statute of repose than the statute at issue in *JPMorgan*. Section 18-804(d) expressly provides that an LLC's members "shall have no liability" for improper dissolution after three years from the date of a distribution irrespective of when the claim accrues:

> Unless otherwise agreed, a member who receives a distribution from a limited liability company to which this section applies **shall have no liability** under this chapter or other applicable law for the amount of the distribution after the expiration of 3 years from the date of the distribution unless an action to recover the distribution from such member is commenced prior to the expiration of the said 3-year period and an adjudication of liability against such member is made in the said action.

DEL. CODE ANN. tit. 6, § 18-804(d) (emphasis added). Section 18-804(d), governing an LLC's distributions after dissolution, is essentially **identical** to Section 18-607(c), which governs the LLC's distributions before dissolution. *See* DEL. CODE ANN. tit. 6, § 18-607(c).[13] And Section 18-607(c) has been held to set forth a "statute of repose," not a statute of limitations. *A Commc'n Co. v. Bonutti*, 55 F. Supp. 3d 1119, 1127 (S.D. Ill. 2014).

Moreover, the Delaware Revised Uniform Limited Partnership Act includes an almost identical provision specifying that any limited partner who receives an allegedly improper distribution from a limited partnership "shall have no liability under this chapter or other applicable law for the amount of the distribution after the expiration of 3 years from the date of the distribution . . . ." DEL. CODE ANN.

---

[13]   Section 18-607(c) provides:

> Unless otherwise agreed, a member who receives a distribution from a limited liability company shall have no liability under this chapter or other applicable law for the amount of the distribution after the expiration of 3 years from the date of the distribution unless an action to recover the distribution from such member is commenced prior to the expiration of the said 3-year period and an adjudication of liability against such member is made in the said action.

DEL. CODE ANN. tit. 6, § 18-607(c).

tit. 6, § 17-607(c). Two courts have held that Section 17-607(c) is a statute of repose. *See Diamond v. Friedman (In re Century City Drs. Hosp., LLC)*, 466 B.R. 1, 13 (Bankr. C.D. Cal. 2012) ("Section 17-607(c) is a statute of repose, not simply a statute of limitations."); *Freeman v. Williamson*, 890 N.E.2d 1127, 1134 (Ill. App. Ct. 2008) ("Section 17-607(c) is a statute of repose.").

Because Section 18-804(d) is a statute of repose, the discovery rule argument that Plaintiffs raised in their Response to the Motion for Summary Judgment is inapplicable.

**D.    Plaintiffs concede they have no improper dissolution claim against SCOA and PSIUSA under Delaware law**

Lastly, Plaintiffs argue that Section 18-804(d) is inapplicable because it is Delaware substantive law, and Louisiana substantive law applies to Plaintiffs' claims. But Plaintiffs are bringing their improper dissolution claim against SCOA and PSIUSA ***under*** Section 18-804, as the law governing SGV's dissolution.[14] Plaintiffs cannot seek recovery from SCOA and PSIUSA under Section 18-804 for SGV's dissolution while at the same time denying that Section 18-804(d) applies. Either Plaintiffs are suing under Section 18-804, in which case SCOA and PSIUSA are entitled to judgment under Section 18-804(d), or Plaintiffs have no statutory basis for their improper dissolution claim. Either way, SCOA and PSIUSA are entitled to judgment.

Moreover, Plaintiffs' argument ignores La. Stat. Ann. § 12:1342, which provides that "[t]he laws of the state or other jurisdiction under which a foreign

---

[14]    *See* Second Am. Compl. (Doc. No. 32) at ¶¶ 57, 66. SCOA and PSIUSA cannot possibly be liable under some other states' law for how they dissolved SGV, a Delaware LLC, under the governing Delaware law.

– 8 –

limited liability company is organized shall govern its organization, its internal affairs, and the liability of its managers and members that arise solely out of their positions as managers and members." As SCOA and PSIUSA established in their motion for summary judgment (and in other filings), La. Stat. Ann. § 12:1342, as the substantive law of Louisiana, mandates that Delaware law—including Section 18-804(d)—"shall govern" Plaintiffs' improper dissolution claim, as SGV was organized under the laws of the state of Delaware. La. Stat. Ann. § 12:1342 thus entitles SCOA and PSIUSA to summary judgment under Section 18-804(d).

## CONCLUSION

SCOA and PSIUSA moved for summary judgment on Plaintiffs' improper dissolution claim under Section 18-804(d). Despite filing a Response and being granted leave to file a Sur-Reply, Plaintiffs still have not offered any colorable basis to deny the Motion. The Court should therefore grant SCOA's and PSIUSA's Motion for Summary Judgment.

Respectfully submitted,

By: */s/ Michael D. Morfey*

    Michael D. Morfey
    Attorney-in-Charge
    State Bar No. 24007704
    Federal I.D. No. 23842
    *michaelmorfey@HuntonAK.com*
    HUNTON ANDREWS KURTH LLP
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4163
    (713) 220-4285 (Fax)

ATTORNEYS FOR DEFENDANT
SUMITOMO CORPORATION OF
AMERICAS

OF COUNSEL:
M. Kaylan Dunn
State Bar No. 24076359
Federal I.D. No. 1171046
*kaylandunn@HuntonAK.com*
HUNTON ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4127
(713) 220-4285 (Fax)

EMF_US 77163620v2

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Michael D. Morfey*
Michael D. Morfey

EMF_US 77163620v2